UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERA WASHINGTON,

        Plaintiff,

v.                              Case No. 16-11074

STATE OF MICHIGAN, et al.,

        Defendants.
                              /

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION**

Plaintiff Vera Washington initiated this action on March 24, 2016 against the State of Michigan and the Monroe County Probate Court. Plaintiff has also filed an application to proceed *in forma pauperis,* which the court will grant. *See* 28 U.S.C. § 1915(a)(1). However, after careful consideration, the court must dismiss this action, pursuant to 28 U.S.C. § 1915(e)(2), because Defendants enjoy Eleventh Amendment immunity.

**I.  STANDARD**

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)

## II. DISCUSSION

Plaintiff's *pro se* complaint arises out of a probate dispute surrounding the estate and trust of the late Lois C. Washington.  (Dkt. # 1, Pg. ID 4.)  Plaintiff seems to allege that by allowing "two Wills, . . . two photocopy signature Trust [sic] and one 'Constructed Trust' to be registered without notifying or seeking the consent of the heirs and beneficiaries" the Monroe County Probate Court has violated Plaintiff's Fourteenth Amendment rights, the Federal Torts Claims Act, and a number of Michigan statutes and court rules.  (*Id.*)  Plaintiff now sues the State of Michigan and the Monroe County Probate Court for monetary damages and injunctive relief.  This court dismisses the case pursuant to 28 U.S.C. § 1915(e)(2).

The Eleventh Amendment affords Michigan immunity from federal lawsuits.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984).  "Eleventh Amendment immunity constitutes a jurisdictional bar, and unless Eleventh Amendment immunity is expressly waived, a state . . . may not be sued for damages and injunctive relief in Federal court."  *Jenkins v. State of Tennessee,* 22 F. App'x 381, 382 (6th Cir. 2001).  Michigan has not waived its Eleventh Amendment immunity.

This immunity covers the Monroe County Probate Court, as well. A government "entity that may be considered an 'arm of the state' is immune from suit in federal court under the Eleventh Amendment, but an entity that is a 'political subdivision' is not." *Tuppa v. Cty. of Montmorency,* 724 F. Supp. 2d 783, 793 (E.D. Mich. 2010) (Ludington, J.).  The Sixth Circuit has held that state courts are properly considered "arms of the state," and therefore immune from law suits in federal court.  *Pucci v. Nineteenth Dist.*

*Ct.,* 628 F.3d 752, 760-64 (6th Cir. 2010). Like Michigan, the Monroe County Probate Court has not waived its Eleventh Amendment immunity.

With both Defendants immune from suit, the court lacks jurisdiction over this case.

### III.  CONCLUSION

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (Dkt. # 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (Dkt. # 1) is DISMISSED pursuant to 42 U.S.C. § 1915(e)(2)(B)(iii).

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 12, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 12, 2016, by electronic and/or ordinary mail.

  S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522